IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRENDA BAILEY,

     *Plaintiff*,

     v.

LVNV FUNDING LLC, *et al.*,

     *Defendants*.

Civil No.: 1:25-cv-01996-JRR

## MEMORANDUM AND ORDER

Pending before the court is Defendants LVNV Funding, LLC ("LVNV") and TrueAccord Corp.'s ("TAC") Motion for Summary Judgment or, in the Alternative, to Dismiss for Failure to Prosecute. (ECF No. 17; the "Motion.") Plaintiff filed no response to the Motion. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.    BACKGROUND AND UNDISPUTED FACTS[1]

On or about May 19, 2025, Plaintiff filed the Complaint (ECF No. 2) in the District Court for Baltimore County, Maryland. (ECF No. 1 ¶ 1; ECF No. 2.) She alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692(e)(10), and 1692f, when they sent her twenty (20) separate collection emails during a less than two-week period in May 2025. (ECF No. 2 at pp. 3–4.)[2] Plaintiff contends that Defendants' repeated attempts to collect a debt after the statute of limitations had expired violates the FDCPA. *Id.* at p. 4. Attached to Plaintiff's Complaint are eight emails from TAC regarding her balance with LVNV from April 18 to May 15, 2025. *Id.* at 8–23. She also attaches what

---

[1] Defendants' asserted statement of undisputed facts generally mirrors Plaintiff's allegations in her Complaint and the procedural history of this case. (ECF No. 17-2.) *See also* FED. R. CIV. P. 56(e)(2).
[2] Citations to this document refer to the CM/ECF pagination.

appears to be a self-compiled communication log that reflects 20 emails sent to her by TAC on behalf of LVNV between March 2 and March 15, 2025.  *Id.* at p. 25.

On June 23, 2025, LVNV, with consent of TAC, removed the action to this court.  (ECF No. 1.)  Since that time, Plaintiff has taken no action to prosecute her case.  Plaintiff has repeatedly failed to comply with this court's orders.  Defendants now move for summary judgment.  (ECF No. 17.)  Plaintiff does not oppose the Motion.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a factfinder for resolution at trial.  *Id*. at 249.   Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).  A party "need[s] to present more than their own unsupported speculation and conclusory allegations to survive."  *Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023).  Further, "[u]nder this standard, 'the mere existence of a scintilla of evidence' in favor of the non-movant's position is insufficient

to withstand the summary judgment motion." *Wai Man Tom v. Hospitality Ventures, LLC*, 980 F.2d 1027, 1037 (4th Cir. 2020) (quoting *Anderson*, 477 U.S. at 252).

In undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Adin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

Where a motion for summary judgment is unopposed, as is the case here, the court "is still obligated to 'thoroughly analyze[ ]' it to ensure that the movant is entitled to judgment as a matter of law." *ClearOne Advantage, LLC v. Kersen*, 756 F. Supp. 3d 30, 39 (D. Md. 2024) (quoting *Maryland v. Universal Elecs., Inc.*, 729 F.3d 370, 380 (4th Cir. 2013)). *See also* FED. R. CIV. P. 56(e) (noting that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion," or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it").

## III.    ANALYSIS

In conducting its analysis, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings

drafted by lawyers." *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)).  The court considers Plaintiff's *pro se* status accordingly in addressing the pleading at issue.

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors.'"  *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 388–89 (4th Cir. 2014) (quoting 15 U.S.C. § 1692(e)).  "To effectuate this purpose, the FDCPA regulates interactions between consumers and debt collectors by imposing affirmative statutory obligations upon debt collectors and proscribing certain abusive conduct."  *Id.*  At issue here are two provisions of the FDCPA that "regulate attempts to collect 'debts'"—15 U.S.C. §§ 1692e, 1692f, *see Koontz v. SN Servicing Corp.*, 133 F.4th 320, 325 (4th Cir. 2025) (citation modified), and proscribe certain abusive conduct—15 U.S.C. § 1692d, *see Russell*, 763 F.3d at 389.

Specifically, § 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Additionally, § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including by a "false representation of . . . the character, amount, or legal status of any debt," or "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§ 1692e(2)(A), (10).  Finally, § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

At bottom, to prevail on her FDCPA claim, Plaintiff must demonstrate three elements: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or

4

omission prohibited by the FDCPA." *Palazzo v. Bayview Loan Servicing, LLC*, 173 F.4th 51, 57 (4th Cir. 2026) (quoting *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 (4th Cir. 2012)). A "debt" under the FDCPA refers to "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). A "debt collector," in turn, refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

Defendants correctly note that Plaintiff has failed to offer any evidence in support of her claims on these essential elements. Even assuming without deciding that TAC is a "debt collector" within the meaning of the FDCPA, *see* ECF No. 2 at pp. 8–23, Plaintiff has not identified or offered any evidence that LVNV is a debt collector under the FDCPA, *see* 15 U.S.C. § 1692a(6), or that the debt at issue concerned "money, property, insurance, or services . . . primarily for personal, family, or household purposes," *see* 15 U.S.C. § 1692a(5). In the absence of any evidentiary support on these essential elements, there is no triable issue, as no reasonable jury could return a verdict for Plaintiff.[3]  *See Anderson*, 477 U.S. at 249, *supra*. And it is this court's "affirmative

---

[3] Defendants also assert in rote fashion that 15 U.S.C. § 1692d(5) applies only to repeated telephone calls, not emails (ECF No. 17-1 at p. 3.) However, Plaintiff's Complaint does not assert harassing collection efforts pursuant to 15 U.S.C. § 1692d(5) specifically, but rather pursuant to 15 U.S.C. § 1692d more generally. Section 1692d, however, provides "a nonexclusive list of prohibited conduct," *see Oyathelemi v. L.J. Ross Assocs.*, No. CV DKC 20-3424, 2022 WL 4368156, at *12 (D. Md. Sept. 21, 2022); *Valle v. Westhill Exch., LLC*, No. GJH-19-2304, 2021 WL 1117282, at *9 (D. Md. Mar. 24, 2021), that violates the section. 15 U.S.C. § 1692d. In the absence of more targeted or substantive argument by Defendants, they fail to meet their burden to show summary judgment is warranted on this point. Summary judgment is nonetheless warranted for the reasons set forth herein.

obligation to prevent such factually unsupported claims from proceeding to trial.  *See Bouchat*, 346 F.3d at 526, *supra*.

Further, with regard to Plaintiff's claims arising from Defendants' alleged misrepresentation of the legal status of the debt pursuant to 15 U.S.C. §§ 1692e(2)(A), (10), or other conduct prohibited under 15 U.S.C. § 1692f, Plaintiff's claims on these points appear to bear solely on TAC's alleged efforts to collect a time-barred debt, which she contends misrepresented the legal status of the debt.  However, Plaintiff's allegations include that TAC expressly stated in its communications: "Because of the age of your debt, [LVNV] cannot sue you for it, and [LVNV] cannot report it to any credit reporting agency."  (ECF No. 2 at p. 4.)  The attached emails reflect the same.  *Id.* at pp. 8–23.  Accordingly, Plaintiff acknowledges (indeed, asserts) that the communications correctly stated the legal status of the debt, and Plaintiff otherwise has failed to offer evidence to support that the alleged collection efforts somehow falsely misrepresented the status of the debt.[4]

For the foregoing reasons, the court will grant the Motion.[5]

---

[4] *Cf. Rowland v. Transworld Sys., Inc.*, No. 3:23CV258, 2024 WL 4364952, at *13 (E.D. Va. Sept. 30, 2024) (noting that "[a]t least two district courts in the Fourth Circuit have held that where a defendant attempted to collect on time-barred debt, and failed to warn the plaintiff about the risk of losing the protection of the relevant statute of limitations, the plaintiff has stated a plausible FDCPA violation").

[5] Even were the court to deny Defendants' request for summary judgment, this action would properly be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution.  Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b); *see* Local Rule 103.8 (D. Md. 2025) (regarding dismissal for want of prosecution).  The court also "has the 'inherent power' to dismiss an action for want of prosecution," power that it "derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).  In "recognizing the severity of dismissal as a sanction," the Fourth Circuit has identified four criteria that "guide a district court's discretion in dismissing a case under Rule 41(b)."  *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019).  The criteria include: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."  *Id.* (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)).  Here, where Plaintiff has taken no action to prosecute her case for nearly a year, has repeatedly failed to comply with the court's orders, *see* ECF No. 7, 12, 14, 16, and has failed to engage in discovery or respond to Defendants' discovery efforts, the court is satisfied the above factors all weigh in favor of dismissal.  Because the court has not previously given Plaintiff an "'explicit and clear' warning of the consequences of failing to

## IV.    CONCLUSION AND ORDER

Accordingly, it is this 15th day of May 2026,

**ORDERED** that Defendants' Motion (ECF No. 17), construed as one for summary judgment, shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that **JUDGMENT** is entered for Defendants and against Plaintiff on the sole count in Plaintiff's Complaint (ECF No. 2).

Madam Clerk shall **CLOSE** this case.

/s/ _____
Julie R. Rubin
United States District Judge

---

satisfy the court's conditions and orders," such dismissal would be without prejudice. *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007).

7